**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 21, 2011
Decided February 4, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 10-2279 | Appeal from the United States District Court for the Eastern |
| UNITED STATES OF AMERICA, | District of Wisconsin. |
| *Plaintiff-Appellee,* | |
| *v.* | No. 2:01-cr-00163 |
| STEVEN JACOB DORNER, | William C. Griesbach, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

In 2001, Steven Jacob Dorner pled guilty to a one-count indictment charging the distribution of child pornography. He was sentenced to 60 months imprisonment and five years of supervised release. Dorner's computer use was to be strictly monitored while on supervised release. He also had to allow his computer to be examined at any time by his supervising probation officer.

In 2006, Dorner was released from prison. He began his five-year supervised release term in March. In 2010, he asked the district court for an early termination of his supervised

release.  The government opposed the request citing, among other reasons, Dorner's history of sex offenses.  The request was denied for several reasons, the main one being that the nature of the child pornography offense, and Dorner's history, suggested that continued supervision was needed "to protect and deter."  The judge also concluded that Dorner had "not demonstrated exceptionally good behavior or any other exceptional circumstances sufficient to overcome the need for continued supervision under § 3553(a)."

On that point, the district court noted that Dorner and his probation officer had been engaged in a dispute about whether Dorner was abiding by his internet-use restrictions: the local technical college he attended with the approval of his probation officer reported his internet use was broader than what he himself was reporting to the probation officer. Dorner disputed the accuracy of the reports.

Two months later, before a different district judge, a hearing was held on the matter, and the request for early termination was denied.  The new judge concluded that the "monitoring of defendant's computer usage is a reasonable condition based on the defendant's criminal history.  The defendant's own behavior has prevented the use of the computer for his education.  The condition is serving the purpose intended."  Dorner appeals that decision.

Whether viewed as an appeal from an order denying an early termination of supervised release or more narrowly as simply a request to strike the condition regarding Dorner's computer usage, the appeal has no merit.  The matter is one committed to the discretion of the district judge, and that discretion has not been abused.

Beyond that, this appeal is knocking on the door of mootness.  It's February, 2011. On March 28, 2011, Dorner will complete his term of supervised release.  So in less than sixty days, Dorner can use (within the law, of course) a computer with no strings attached.

For these reasons, the order of the district court is AFFIRMED.